# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| NATHANIEL THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 2:13-CV-122 JVB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Nathaniel Thompson, a *pro se* prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging a state conviction. Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Upon review, Thompson's petition is untimely and his claims barred by procedural default.

According to the petition, Thompson pled guilty in 2011 to failing to register as a sex offender in Marion County. (DE 1 at 1.) He was sentenced to one year of probation, apparently to be served after he served a sentence for another offense. (*Id.* at 1, 3-5.) He did not pursue a direct appeal. (*Id.* at 1.) In October 2011 he filed a collateral attack on his conviction in state court, and in November 2011, he separately filed a state post-conviction petition. (*Id.* at 1, 2.) Both of these filings were denied in May 2012. (*Id.*) He appealed the denial of post-conviction relief to the Indiana Court of Appeals, but his appeal was denied. (*Id.* at 1.) He did not seek relief in the Indiana Supreme Court. (*Id.* at 2.)

In April 2013, Thompson filed the present petition. His claims are somewhat difficult to decipher, but giving the petition liberal construction, he claims that his conviction violated Double Jeopardy and Ex Post Facto principles, because he was already punished for the

underlying sex offense leading to the failure to register charge. (DE 1 at 3-4.) He further claims that his attorney forced him to plead guilty to the charge. (*Id.* at 4.) Thompson acknowledges that he did not present his claims to the Indiana Supreme Court. (*Id.* at 3-4.)

Thompson's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thompson's claims do not implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing

his federal petition on time. Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. Thompson was sentenced in March 2011, and his conviction became final when the time for filing a direct appeal expired 30 days later. *See* IND. APP. R. 9(A) (notice of appeal must be filed within 30 days of the trial court's judgment); *Gonzalez v. Thaler,* 132 S. Ct. 641, 655-56s (2012) (when a habeas petitioner does not complete all levels of state review, his conviction becomes final when the time for seeking further review expires). Thompson had one year from that date to seek federal habeas relief, absent any period of tolling. He initiated state collateral proceedings in October 2011, which tolled the deadline under 28 U.S.C. § 2244(d)(2). By this time approximately six months had elapsed on the federal clock. The deadline remained tolled until August 2012, when the state post-conviction proceedings concluded.[1] Thompson waited another eight months, until April 2013, to file his federal petition. Therefore, the petition was untimely by approximately two months. Thompson does not raise any grounds for excusing the untimeliness of his petition, and instead he left the question blank when asked to explain why his petition should be deemed timely. (*See* DE 1 at 5.) Accordingly, the petition is subject to dismissal.

Even if the petition had been timely filed, Thompson's claims are barred by procedural default. Before considering the merits of a claim contained in a habeas petition, the court must ensure that the state courts have been given the first opportunity to address and correct violations of their prisoner's federal rights. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). For that opportunity to be meaningful, the petitioner must fairly present his

---

[1] Thompson states that his post-conviction appeal was denied in August 2011, but this would not coincide with the other dates listed in the petition. (DE 1 at 1.) It appears he made a typographical error. For purposes of this opinion the court will presume that his appeal was denied in August 2012, but the petition would be untimely using either date.

3

constitutional claim in one complete round of state review, either on direct appeal or post-conviction review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845. This includes seeking discretionary review in the state court of last resort. *Boerckel*, 526 U.S. at 848. Under the companion procedural default doctrine, a federal court is precluded from reaching the merits of a claim when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and the time for doing so has passed under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

Here, Thompson acknowledges that he did not present any of his claims to the Indiana Supreme Court. (DE 1 at 3-4.) The time for him to present his claims to the Indiana Supreme Court either on direct appeal or in the post-conviction proceedings has long passed under state law. *See* IND. APP. R. 9(A), 57(C). Because Thompson did not pursue these claims in one complete round of state review when he had the opportunity to do so, they are procedurally defaulted. He does not provide any grounds for excusing his procedural default, and instead he left the questions blank when asked to explain why he did not present his claims to the Indiana Supreme Court. (DE 1 at 3-4.) Accordingly, the petition must be dismissed.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

4

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted). As explained above, Thompson's petition is untimely and his claims procedurally defaulted. Nothing before the court suggests that jurists of reason could debate the correctness of these procedural rulings or find a reason to encourage Thompson to proceed further. Accordingly, the court declines to issue him a certificate of appealability.[2]

For these reasons, the petition (DE 1) is **DISMISSED WITH PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The petitioner is **DENIED** a certificate of appealability.

**SO ORDERED** on May 3, 2013.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[2] The court notes that Thompson filed a document in which he appears to complain about the medical treatment he received for a hernia while in prison. (DE 7 at 2-3.) He requests money damages for his pain and suffering. (*Id.* at 3.) Thompson cannot challenge the conditions of his confinement in a habeas proceeding, nor can he obtain an award of money damages; the proper vehicle for pursuing such a claim is an action under 42 U.S.C. § 1983. *See Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001).